## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**THELMA GEDWARD**                    **CASE NO.  6:24-CV-01674**

**VERSUS**                            **JUDGE DAVID C. JOSEPH**

**ACADEMY SPORTS & OUTDOORS**         **MAGISTRATE JUDGE CAROL B.**
**INC ET AL**                         **WHITEHURST**

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion for Leave to File Second Amended and Supplemental Complaint. (Rec. Doc. 37). Defendant opposed the motion (Rec. Doc. 39), and Plaintiff replied (Rec. Doc. 44).

## Facts and Procedural History

Plaintiff filed this suit in October 2024, in state court following a slip and fall at an Academy store. Academy removed the case to this Court in December 2024, and following an initial amendment to name to proper Academy entity, trial was set for June 8, 2026. The deadline for amendment of pleadings expired on October 22, 2025. (Rec. Doc. 18). Following the parties' requested extension, the deadline for discovery expired on January 23, 2026, and the deadline for filing dispositive motions expired on February 20, 2026. (Rec. Doc. 36).

Although the deadline for amendments has expired, Plaintiff moves for leave to file a second amended complaint to assert a spoliation claim based on Academy's

alleged failure to preserve video surveillance footage of the area where Plaintiff fell prior to her fall. Plaintiff argues that she did not learn that Academy had not preserved the video until after the deadline for amendment, such that good cause exists to allow the untimely amendment. Academy argues that Plaintiff failed to conduct timely discovery which would have shown the unavailability of the video.

## Law and Analysis

### I.    The Applicable Standard

F.R.C.P. Rule 16(b) authorizes the Court to control and expedite pretrial discovery through a scheduling order. Trial courts are afforded broad discretion to preserve the integrity and purpose pretrial orders. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (quoting *Hodges v. United States*, 597 F.2d 1012, 1018 (5th Cir. 1979)). "Deadlines are deadlines for a reason. A discovery deadline is in place to ensure that other deadlines – such as those for expert reports and dispositive motions – are met. When one deadline is not met, other deadlines pass, and the District Court's trial schedule is jeopardized." *Gamma Constr. Co., Inc. v. Frank's Int'l, LLC*, No. 6:18-CV-00761, 2021 WL 3202060, at *3 (W.D. La. July 28, 2021), quoting *David v. Signal Intern., L.L.C.*, No. 08-1220, 2014 WL 6612598, at *3 (E.D. La. Nov. 19, 2014).

Rule 16 governs a party's request to amend when a scheduling order deadline has expired. *United States of Am. ex rel. Gentry v. Encompass Health Rehab. Hosp.*

*of Pearland, L.L.C.,* 157 F.4th 758, 765, fn. 28 (5th Cir. 2025). Rule 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent." The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). In determining whether the movant has shown good cause to modify a scheduling order, the court should consider (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id*. at 536.

If the movant demonstrates good cause to modify the scheduling order under Rule 16(b), the court may apply the more liberal standard of Rule 15(a) to grant or deny leave. *Id.* Rule 15(a) provides that the court should freely give leave to amend when justice so requires. F.R.C.P. Rule 15(a)(2). "Absent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party…district courts must entertain a presumption in favor of granting parties leave to amend. *Mayeaux v. Louisiana Health Serv. & Indem. Co.,* 376 F.3d 420, 425 (5th Cir. 2004). The court must determine whether the proposed amendment (1) was merely proposing alternative legal theories for

recovery on the same underlying facts, in which case amendment should be permitted; or (2) would fundamentally alter the nature of the case, in which case the court may deny amendment if circumstances warrant. *Mayeaux v. Louisiana Health Serv. & Indem. Co.,* 376 F.3d 420, 427 (5th Cir. 2004).

Academy urges the Court to impose an "excusable neglect" standard to Plaintiff's request to amend. Under Rule 6(b)(1)(B), when "an act may or must be done within a specified time," "on motion made after the time has expired if the party failed to act because of excusable neglect," the court may, for good cause shown, extend the time for a party to act. However, Rule 6(b)(1)(B) "governs requests to modify most deadlines in civil proceedings, while [Rule] 16(b)(4) specifically governs requests to modify scheduling orders." *Alizadeh v. BP Expl. & Prod., Inc.*, No. CV 22-3159, 2023 WL 5120800, at *1 (E.D. La. July 13, 2023). When the deadline is one imposed by a scheduling order, such as the deadline for amendment of pleadings in this case, the Court need not consider excusable neglect. See *Vertigo Artography, LTD v. Champagne Cowgirl, LLC*, No. 3:24-CV-120-BN, 2024 WL 4668550, at *2 (N.D. Tex. Nov. 4, 2024).

## II.    <u>Whether good cause justifies modifying the scheduling order to allow untimely amendment.</u>

Plaintiff served initial discovery on Academy seeking "…any and all…videos…related to any issues in this lawsuit, including but not limited to video of the incident…" Academy responded on November 14, 2025, producing video

surveillance of the fall and approximately twenty-five minutes afterwards. (Rec. Doc. 37-3, p. 10). According to Plaintiff, Academy did not produce any surveillance of the area prior to the fall. Thus, Plaintiff propounded supplemental discovery on November 19, 2025, seeking pre-fall footage. (Rec. Doc. 37-4). Academy responded on January 7, 2026, that it had produced all video in its possession. (Rec. Doc. 37-5). The foregoing discovery was timely completed within the discovery deadline. Plaintiff filed the instant motion to amend to assert a spoliation claim within two weeks of Academy's response.

In applying the applicable factors, the Court finds, first, that Plaintiff's explanation for the failure to timely amend within the original deadline is reasonable. Immediately upon receipt of Academy's discovery responses attaching fall and post-fall video, Plaintiff propounded discovery seeking pre-fall video. Immediately upon receipt of Academy's additional responses indicating that it did not possess pre-fall video, Plaintiff moved to amend to assert the spoliation claim. Academy relies on purported ambiguity in Plaintiff's initial request for production and suggests that Plaintiff should have moved to address the lack of pre-fall footage sooner. The Court disagrees and finds that Plaintiff's initial request reasonably sought pre-fall footage as "an issue in the lawsuit." Plaintiff quickly moved to address the missing evidence upon learning of same.

Addressing the second factor (the importance of the amendment), Plaintiff correctly argues that pre-fall footage is critical to establishing liability under Louisiana's merchant liability statute, which requires the plaintiff to prove the merchant had actual or constructive notice of the condition. See La. R.S. 9:2800.6. If Plaintiff shows that the merchant improperly failed to preserve such evidence, she could potentially be entitled to an adverse presumption against Academy. See discussion in *Willis v. Cost Plus, Inc.,* No. CV 16-639, 2018 WL 1319194, at *6 (W.D. La. Mar. 12, 2018). Thus, the second factor also favors Plaintiff.

Regarding the third factor (potential prejudice in allowing the amendment), Plaintiff argues that she would be prejudiced in not being able to pursue a claim for spoliation, while Academy would risk no prejudice, since it is on notice of Plaintiff's position and the parties have had the opportunity to address the video issue in Academy's corporate deposition. Academy counters that it would be prejudiced by the additional time necessary to litigate the spoliation, such as through an anticipated motion to dismiss and/or motion for summary judgment, and a delayed trial.

Relatedly, Academy argues that Plaintiff's proposed amendment is futile, because she cannot state a claim for spoliation (thus the necessity for renewed motion practice if amendment is allowed). Louisiana law recognizes a claim for intentional spoliation. *Willis*, 2018 WL 1319194, at *3 (citing cases). In order to prove intentional spoliation, the plaintiff must show that defendant intentionally

destroyed evidence for the purpose of depriving plaintiff of its use. *Burge v. St. Tammany Parish,* 336 F.3d 363, 373–74 (5th Cir.2003). A claim for intentional spoliation "does not begin to accrue until the plaintiff has sustained actual harm, which occurs when the underlying claim has been resolved." *Ritter v. Loraso*, 2017-0517 (La. App. 4 Cir. 12/22/17), 234 So. 3d 1096, 1101, *writ denied,* 2018-0149 (La. 3/23/18), 239 So. 3d 294. Thus, Academy argues, Plaintiff's claim for intentional spoliation is unripe until resolution of the instant suit. The Court agrees; however, this finding is not determinative of whether amendment is permissible.

While Louisiana does not recognize a claim for negligent spoliation, allegations of negligent spoliation may be adjudicated in the underlying matter in the form of discovery or evidentiary sanctions. *Willis,* 2018 WL 1319194, at *6, citing *Reynolds v. Bordelon*, 2014-2362 (La. 6/30/15); 172 So.3d 589, 592. Therefore, to the extent Plaintiff seeks to assert an independent claim for intentional spoliation, amendment is not justified, but insofar as she seeks to use spoliation as an evidentiary tool at trial, she has shown good cause for the untimely amendment.

Returning to prejudice, the fourth factor (the availability of a continuance) could remedy any prejudice; however, certain modifications to the scheduling order should absolve the need for continuance while allowing the parties the opportunity to address spoliation as an evidentiary matter before trial, such as through a motion for partial summary judgment or other dispositive motion. The parties are permitted

to file any dispositive motion on spoliation by March 20, 2026. Plaintiff submits, and the Court agrees, that no additional discovery is needed on spoliation.

IT IS ORDERED that Plaintiffs' Motion for Leave to File Second Amended and Supplemental Complaint (Rec. Doc. 44) is GRANTED.

IT IS FURTHER ORDERED that the parties shall be permitted until March 20, 2026, to file any dispositive motions on spoliation. Oppositions to any such motions shall be filed within fourteen (14) days of service. No replies will be permitted.

Signed at Lafayette, Louisiana on this 23rd day of February, 2026.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE